Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(*Pro Hac Vice* to be Submitted)
Asim Varma, Esq.
Asim.Varma@aporter.com
Howard N. Cayne, Esq.
Howard.Cayne@aporter.com
Michael A.F. Johnson, Esq.
Michael.Johnson@aporter.com
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999

Attorneys for Proposed Intervenor
Federal Housing Finance Agency

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SKYLIGHTS LLC,<br><br>                        Plaintiff,<br><br>vs.<br><br>DAVID BYRON; JENNIFER BYRON; CCSF LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; CITIMORTGAGE, INC.; CLEAR RECON CORP.; DOES I through 10; and ROE BUSINESS ENTITIES I through 10,<br><br>                        Defendants. | CASE NO. 2:15-cv-00043-GMN-VCF<br><br>**STIPULATION TO ENTRY OF ORDER AND [PROPOSED] ORDER PERMITTING FEDERAL HOUSING FINANCE AGENCY TO INTERVENE AS CONSERVATOR OF THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                        Counterclaimant,<br><br>vs.<br><br>SKYLIGHTS LLC; THE FALLS AT RHODES RANCH CONDOMINIUM OWNERS ASSOCIATION, INC.,<br><br>                        Counter-defendants. | |

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

1

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

1.   The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator for Defendant Federal National Mortgage Association ("Fannie Mae"), seeks to intervene in the above-captioned action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

2.   On September 6, 2008, FHFA's Director appointed the FHFA Conservator of Fannie Mae and the Federal Home Loan Mortgage Association in accordance with the Housing and Economic Recovery Act of 2008, Pub. L. 110-289, 122 Stat. 2654 (codified at 12 U.S.C.§ 4617) ("HERA").

3.   The FHFA, as Conservator, has succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including its right to sue and be sued in the federal courts.  12 U.S.C. § 4617(b)(2)(A)(i).

4.   Accordingly, FHFA has an unconditional federal statutory right to intervene in this matter, see Fed. R. Civ. P. 24(a)(1), and to assert its interests in a manner consistent with the Conservator's powers and duties.

5.   Pursuant to Fed. R. Civ. P. 24(c), FHFA attaches as Exhibit A its intended Answer.

///
///
///
///
///
///
///
///
///
///
///

2

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

**STIPULATION**

FHFA and Plaintiff Skylights LLC, through their attorneys of record, hereby stipulate and request that the Court make this stipulation an order of the Court:

> The FHFA shall be permitted to intervene in the above-referenced action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24.

DATED this 22nd day of January, 2015.

| | |
|---|---|
| **FENNEMORE CRAIG, P.C.** | **PITE DUNCAN, LLP** |
| By:  /s/ Leslie Bryan Hart | By:  /s/ with the consent of Laurel I. Handley |
|   Leslie Bryan Hart, Esq. (SBN 4932) |   Laurel I. Handley, Esq. (SBN 9576) |
|   John D. Tennert, Esq. (SBN 11728) |   *lhandley@piteduncan.com* |
|   300 E. Second St., Suite 1510 |   Krista J. Nielson, Esq. (SBN 10698) |
|   Reno, Nevada 89501 |   *knielson@piteduncan.com* |
|   Tel: 775-788-2228   Fax: 775-788-2229 |   520 South 4th Street, Suite 360 |
|   lhart@fclaw.com; jtennert@fclaw.com |   Las Vegas, Nevada  89101 |
|            and |   Tel: (858) 750-7600   Fax: (702) 685-6342 |
| **ARNOLD & PORTER LLP** | |
| (*Pro Hac Vice* to be Submitted) | Attorneys for Defendants/Counterclaimants David Byron; Jennifer Byron; CCSF LLC; Federal National Mortgage Association; CitiMortgage, Inc.; Clear Recon Corp.; Does 1-10; and Roe Business Entities 1-10 |
| Asim Varma, Esq. | |
| *Asim.Varma@aporter.com* | |
| Howard N. Cayne, Esq. | |
| *Howard.Cayne@aporter.com* | |
| Michael A.F. Johnson, Esq. | **LAW OFFICE OF MIKE BEEDE** |
| *Michael.Johnson@aporter.com* | |
| 555 12th Street NW | By:  /s/ with the consent of Michael N. Beede |
| Washington, DC 20004 |   Michael N. Beede |
| Tel: (202) 942-5000   Fax: (202) 942-5999 |   2300 W. Sahara Ave., Ste. 420 |
| |   Las Vegas, NV 89102 |
| Attorneys for Proposed Intervenor Federal Housing Finance Agency |   Tel: 702-473-8406 |
| | Attorney for Plaintiff Skylights LLC |

**ORDER PERMITTING FEDERAL HOUSING FINANCE AGENCY TO INTERVENE**

Having considered the Stipulation to Entry of Order Permitting Federal Housing Finance Agency to Intervene as Conservator of the Federal National Mortgage Association, it is hereby:

ORDERED that the Federal Housing Finance Agency is allowed to intervene in this action pursuant to 12 U.S.C. § 4617(b)(2)(A)(i) and Fed. R. Civ. P. 24; and it is further ORDERED that

3

this Order shall be effective immediately.

DATED:_____     January 23, 2015

_____
HON. CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

The Federal Housing Finance Agency must file its answer on or before January 30, 2015.

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

4

Exhibit A

Exhibit A

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(*Pro Hac Vice* to be Submitted)
Asim Varma, Esq.
Asim.Varma@aporter.com
Howard N. Cayne, Esq.
Howard.Cayne@aporter.com
Michael A.F. Johnson, Esq.
Michael.Johnson@aporter.com
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999

Attorneys for Proposed Intervenor
Federal Housing Finance Agency

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SKYLIGHTS LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DAVID BYRON; JENNIFER BYRON; CCSF LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; CITIMORTGAGE, INC.; CLEAR RECON CORP.; DOES I through 10; and ROE BUSINESS ENTITIES I through 10,<br><br>　　　　　　Defendants. | CASE NO. 2:15-cv-00043-GMN-VCF<br><br>**ANSWER AND COUNTERCLAIMS BY PROPOSED INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　　Counterclaimant,<br><br>vs.<br><br>SKYLIGHTS LLC; THE FALLS AT RHODES RANCH CONDOMINIUM OWNERS ASSOCIATION, INC.,<br><br>　　　　　　Counter-defendants. | |

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

1

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

Simultaneously with this Answer, the Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for the Federal National Mortgage Association ("Fannie Mae"), is filing a joint stipulation signed by the parties agreeing that FHFA has a federal statutory right to intervene in this matter pursuant to Federal Rule of Civil Procedure 24(a)(1).  In accordance with Rule 24(c)'s requirement that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought, FHFA submits this Answer to respond as follows to the Complaint filed by Plaintiff Skylights LLC:

1.      FHFA admits that Plaintiff claims an interest in the Subject Property, but otherwise denies the allegations within Paragraph 1 of the Complaint.

2.      FHFA admits that a Trustee's Deed Upon Sale was recorded on September 26, 2014, in the records of Clark County, Nevada, as Instrument No. 20140926-0001915.  Fannie Mae further admits that the Trustee's Deed Upon Sale states that Alessi & Koenig, LLC ("AK"), as agent for The Falls at Rhodes Ranch Condominium Owners Association, Inc. ("The Falls HOA"), "grant[s] and convey[s], but without warranty expressed or implied to: Skylights LLC (Grantee) all its right, title and interest in the property legally described at APACHE SPRINGS CONDO AMD UNIT 2096 BLDG 21…"  FHFA otherwise denies the allegations within Paragraph 2 of the Complaint.

3.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegation within Paragraph 3 of the Complaint.

4.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegation within Paragraph 4 of the Complaint.

5.      FHFA admits that this Court has jurisdiction over the issues raised in this action and that venue properly lies in this Court.

6.      FHFA denies the allegations within Paragraph 6 of the Complaint.

2

7.      FHFA is without knowledge or information sufficient to form a belief as to the truth of the allegation concerning why Plaintiff named Clear Recon Corp. as a defendant in this action, but FHFA admits that it is so named.

8.      FHFA admits that CCSF, LLC was at one point the beneficiary of a deed of trust on the Subject Property recorded in 2003.  FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 8 of the Complaint.

9.      FHFA admits that Fannie Mae has an interest in the Subject Property. FHFA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations within Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint states legal conclusions that do not require a response.  To the extent a response is required, denied.

### FIRST CLAIM FOR RELIEF

11.     FHFA repeats its responses to Paragraphs 1-10 as if fully stated herein.

12.     Paragraph 12 of the Complaint consists of Plaintiff's claims that do not require a response.  To the extent a response is required, denied.

13.     Paragraph 13 of the Complaint consists of Plaintiff's claims that do not require a response.  To the extent a response is required, denied.

### SECOND CLAIM FOR RELIEF

14.     FHFA repeats its responses to Paragraphs 1-13 as if fully stated herein.

15.     Paragraph 15 of the Complaint consists of Plaintiff's claims that do not require a response.  To the extent a response is required, denied.

16.     Paragraph 16 of the Complaint consists of Plaintiff's claims that do not require a response.  To the extent a response is required, denied.

3

## AFFIRMATIVE DEFENSES

FHFA's investigation of these claims is continuing.  By this Answer, FHFA waives no affirmative defenses and reserves its right to amend the Answer to insert any subsequently discovered affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an HOA sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Plaintiff and counter-defendant The Falls HOA.

## FOURTH AFFIRMATIVE DEFENSE

The damages, if any, that were allegedly sustained by Plaintiff as a result of the acts described in the Complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom neither FHFA nor Fannie Mae had control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

4

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead any alleged acts or omissions of Fannie Mae sufficient to warrant the consideration of general, expectation, consequential, or compensatory damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to join one or more indispensable parties.

## NINTH AFFIRMATIVE DEFENSE

Fannie Mae breached no duty with regard to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

FHFA incorporates by reference those defenses enumerated in Rules 8 and 12 of the Nevada Rules of Civil Procedure as if fully set forth herein.  In the event further investigation reveals the applicability of any such defenses, FHFA reserves the right to seek leave of court to amend this Answer to assert the same.

## COUNTERCLAIMS
## FIRST COUNTERCLAIM

(Declaratory Judgment versus Plaintiff and The Falls HOA)

1.      FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2.      Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to declare FHFA and Fannie Mae's rights and interests in the Property.

3.      Fannie Mae's Deed of Trust is a first secured interest on the Property.

4.      The Federal Housing Finance Agency ("FHFA" or the "Conservator") is an agency of the federal government of the United States of America and is also the Conservator for Fannie Mae.

5

5.      The Conservator has succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges." 12 U.S.C. § 4617(b)(2)(A)(i).

6.      During the Conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

7.      Fannie Mae's secured interest at issue is property of the Conservator.   Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's first-position Deed of Trust would violate 12 U.S.C. § 4617(j)(3).

8.      12 U.S.C. § 4617(j)(3) preempts any state law that would permit a foreclosure on a superpriority lien to extinguish a first secured interest of Fannie Mae while it is under FHFA's conservatorship.

9.      Pursuant to 12 U.S.C. § 4617(j)(3), The Falls HOA Sale could not extinguish Fannie Mae's first secured interest.

10.     FHFA and Fannie Mae are entitled to a declaration from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that Fannie Mae is the beneficiary of a first position Deed of Trust which still encumbers the Property after the HOA Sale.

11.     FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that 12 U.S.C. § 4617(j)(3) precludes The Falls HOA Sale from extinguishing Fannie Mae's first secured interest.

## SECOND COUNTERCLAIM

(Quiet Title versus Plaintiff)

1.      FHFA incorporates by reference the responses of all previous paragraphs, as if fully set forth herein.

2.      Pursuant to 28 U.S.C. § 2201 and NRS § 40.010, this Court has the power and authority to resolve the Plaintiff's adverse claims in the Property.

3.      Fannie Mae's Deed of Trust is a first secured interest on the Property.

4.      Plaintiff claims an interest in the Property through a foreclosure deed that is adverse to Fannie Mae's interest.

6

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

5.      Fannie Mae's interest in the Deed of Trust encumbering the Property constitutes an interest in real property.

6.      Fannie Mae's secured interest at issue is property of the Conservator.   Therefore, applying NRS Chapter 116 or other state law in a manner that extinguishes Fannie Mae's first-position Deed of Trust would violate 12 U.S.C. § 4617(j)(3).

7.      Based on the adverse claims being asserted by the parties, FHFA and Fannie Mae are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

8.      FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that Fannie Mae is the beneficiary of a first position Deed of Trust which encumbers the Property after the HOA Sale.

9.      FHFA and Fannie Mae are entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS § 40.010, that Fannie Mae's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by Plaintiff through the foreclosure deed.

## PRAYER FOR RELIEF

WHEREFORE, FHFA prays for the following relief:

1.      That Plaintiff's request for injunctive relief be denied;

2.      That Plaintiff takes nothing by way of its Complaint;

3.      That the Court declare that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish a first secured interest of Fannie Mae while it is under FHFA's conservatorship;

4.      That the Court declare that The Falls HOA Sale HOA Sale did not extinguish Fannie Mae's first secured interest and thus did not convey the Property free and clear to Plaintiff;

5.      That the Court declare that Fannie Mae's interest is secured against the Property and that Fannie Mae's interest is superior to the interest of Plaintiff;

6.      That FHFA be awarded reasonable attorneys' fees and costs; and

///

///

7

7.      That FHFA receive such other relief as the Court deems just and proper.

DATED this _____ day of January, 2015.

                                        **FENNEMORE CRAIG, P.C.**

                                        By:  /s/ Leslie Bryan Hart
                                          Leslie Bryan Hart, Esq. (SBN 4932)
                                          John D. Tennert, Esq. (SBN 11728)
                                          300 E. Second St., Suite 1510
                                          Reno, Nevada 89501
                                          Tel: 775-788-2228   Fax: 775-788-2229
                                          lhart@fclaw.com; jtennert@fclaw.com
                                                    and

                                        **ARNOLD & PORTER LLP**

                                        (*Pro Hac Vice* to be Submitted)
                                        Asim Varma, Esq.
                                        *Asim.Varma@aporter.com*
                                        Howard N. Cayne, Esq.
                                        *Howard.Cayne@aporter.com*
                                        Michael A.F. Johnson, Esq.
                                        *Michael.Johnson@aporter.com*
                                        555 12th Street NW
                                        Washington, DC 20004
                                        Tel: (202) 942-5000   Fax: (202) 942-5999

                                        Attorneys for Proposed Intervenor Federal
                                        Housing Finance Agency

FENNEMORE CRAIG JONES VARGAS
300 East Second Street, Suite 1510
Reno, NV 89501
Tel: (775) 788-2200   Fax: (775) 786-1177

8