Laurel I. Handley, Esq. (SBN 9576)
Krista J. Nielson, Esq. (SBN 10698)
PITE DUNCAN, LLP
520 South 4th Street, Suite 360
Las Vegas, Nevada 89101
Tel: (858) 750-7600   Fax: (702) 685-6342
lhandley@piteduncan.com; knielson@piteduncan.com

*Attorneys for Defendants Federal National Mortgage Association;
CitiMortgage, Inc., and Clear Recon Corp.*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
Asim.Varma@aporter.com; Michael.Johnson@aporter.com

*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SKYLIGHTS LLC,<br>　　　　　　Plaintiff,<br>vs.<br><br>DAVID BYRON; et al.,<br>　　　　　　Defendants.<br>and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>as Conservator for the Federal National Mortgage Association,<br>　　　　　　Intervenor. | CASE NO. 2:15-cv-00043-GMN-VCF<br><br>**FANNIE MAE AND FHFA'S MOTION TO COMBINE HEARING ON THEIR MOTION FOR SUMMARY JUDGMENT WITH THE CURRENTLY SCHEDULED HEARING IN *SATICOY BAY*** |

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10398235

|   |   |
|---|---|
| 1 | |
| 2 | FEDERAL NATIONAL MORTGAGE ASSOCIATION, |
| 3 | Counterclaimant, and |
| 4 | |
| 5 | FEDERAL HOUSING FINANCE AGENCY, as Conservator for the Federal National Mortgage Association, |
| 6 | Intervenor, |
| 7 | vs. |
| 8 | SKYLIGHTS LLC; THE FALLS AT RHODES RANCH CONDOMINIUM OWNERS ASSOCIATION, INC., |
| 9 | |
| 10 | Counter-defendants. |

Fannie Mae and FHFA respectfully request that the Court set the pending, fully briefed dispositive motion in this action, as well as the fully briefed dispositive motions in *Williston Investment Group v. Freddie Mac*, No. 2:14-CV-02038-GMN-PAL, and *Elmer v. Freddie Mac*, No. 2:14-cv-01999-GMN-NJK, for argument on June 18, 2015, the date currently scheduled for the hearing on the pending summary judgment motion in a related action, *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-cv-1975-GMN-NJK. *See* Minute Order, *Saticoy Bay* (Dkt. 76) (granting expedited hearing); Minute Order, *Saticoy Bay* (Dkt. 83) (setting June 18 as date for hearing).  These cases all involve a common and potentially dispositive issue of federal law—whether a federal statute mandating that "[n]o property of [an FHFA conservatorship] shall be subject to ... foreclosure[] or sale without [FHFA's] consent" preserves Fannie Mae's and Freddie Mac's property interests when a homeowners' association forecloses a super-priority lien in a way that, under state law, might otherwise extinguish mortgage interests. *See* 12 U.S.C. § 4617(j)(3).  As we explained in seeking expedited argument in *Saticoy Bay*, dozens of cases presenting that issue already are pending in this District, and more are expected. *See* Joint Motion to Expedite Hearing, *Saticoy Bay* (Dkt. 72).  Prompt resolution of this potentially dispositive common issue therefore will serve the interests of efficiency and judicial economy.

10398235

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

We propose that oral argument in *Elmer*, *Williston*, and *Skylights* be combined with argument in *Saticoy Bay* for two principal reasons. First, in addition to the common issue discussed above, *Elmer*, *Williston*, and *Skylights* all involve a newly minted "constitutional" defense to summary judgment not presented in *Saticoy Bay*—whether applying Section 4617(j)(3) to preserve the Enterprises' property interests would violate the due process rights of parties to the HOA foreclosure sale.[1] Resolution of that issue, now being advanced in an ever-growing number of cases in an attempt to anticipate and avoid the dispositive consequences should this Court rule that 12 U.S.C. § 4617(j)(3) prevents the extinguishment of Fannie Mae's and Freddie Mac's property interests, will facilitate the expeditious resolution of these litigations. Indeed, this due process argument has been raised in five of the ten similar cases pending in the District in which opposing parties already have filed briefs supporting or opposing dispositive motions.[2] Resolving the due process issue contemporaneously with the federal supremacy issue would eliminate the need for piecemeal litigation and would provide more useful guidance to other courts hearing similar cases, thereby serving the interests of efficiency and judicial economy.

Second, the *Saticoy Bay* plaintiff is attempting to prevent this Court from resolving the Section 4617(j)(3) issue promptly by seeking to moot its case unilaterally. Specifically, Saticoy Bay's counsel reports that his "client has made the decision to pay off the outstanding trust deed in order to make the issues in [its] case moot." E-mail from Bohn to Varma (May 5, 2015) (copy attached as Ex. A). Saticoy Bay, which is a plaintiff in several pending state court cases—and a few less advanced cases in federal court—raising the same legal issue, may hope to put off the

---

[1] *See* Elmer's Response to Motion for Summary Judgment at 9-15, *Elmer* (March 23, 2015) (Dkt. 71) (arguing a violation of a purchaser's due process rights); Williston's Response to Motion for Summary Judgment at 13-18, *Williston* (April 3, 2015) (Dkt. 54) (same); The Falls at Rhodes Ranch Owners Association's Response to Motion for Summary Judgment at 14-17, *Skylights* (April 16, 2015) (Dkt. 31) (arguing a violation of a homeowner association's due process rights).

[2] In addition to *Elmer*, *Williston*, and *Skylights*, these include *Fannie Mae v. SFR Investments Pool 1, LLC*, No. 2:14-cv-2046-JAD-PAL (D. Nev.), and *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, No. 2:15-cv-0267-RFB-NJK (D. Nev.).

10398235

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

day this *federal* court resolves the controlling *federal-law* question.[3]  But whatever the motivation, Saticoy Bay's effort to moot the case comes to naught, as a party's "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.  If it did, the courts would be compelled to leave the [party] free to return to his old ways." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.10 (1982)) (internal quotation marks, brackets, ellipses, and citation omitted).  That said, hearing argument contemporaneously in cases that squarely present the substantive issues without the distraction of a mootness determination—such as *Elmer*, *Williston*, and *Skylights*—would likely result in a more thorough airing of the issues the Court anticipated addressing when it expedited the *Saticoy Bay* argument in the first place, thereby facilitating proper and complete resolution on the merits.

Setting argument for June 18 in *Elmer*, *Williston*, and *Skylights* will not unreasonably burden the parties or the Court.  That date is more than a month away, leaving each party ample time to prepare to argue issues that are already fully briefed in each case.  It will surely conserve judicial resources to hear argument on the Section 4617(j)(3) issue in one combined session rather than in multiple, case-specific sessions on separate dates.[4]  Moreover, because *Elmer*, *Williston*, and *Skylights* involve an issue not presented in *Saticoy Bay*, hearing the cases contemporaneously will be more efficient than convening a second argument to resolve separately the due process defense.

Counsel for FHFA contacted counsel for all opposing parties—Skylights, the HOA in *Skylights*, Elmer, and Williston—to seek their positions as to this motion and their availability June 18.  Counsel for Skylights responded telephonically that he does not object and is available June 18.  Counsel for the HOA in *Skylights* responded via e-mail that he is available June 18 and does not object generally to expediting argument, albeit with two narrow concerns relating to the

---

[3] Indeed, Saticoy Bay sent its payoff request only five days after another court in this District ruled against it on a similar issue of federal preemption involving an HOA Sale. *See* Order, *Saticoy Bay LLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199-JCM-VCF (Apr. 30, 2015) (Dkt. 53).

[4] This is even more true here because Elmer and Williston are represented by the same counsel.

10398235

possibility that further briefing may be submitted. *See* E-mail from Dunkley to Johnson (May 11, 2015) (attached as Ex. B).[5] Counsel for Elmer and Williston interposed no objection to combining the hearings, but objected to scheduling a hearing on June 18 and every other date in the month of June, stating:

> I have a weeklong binding arbitration (AAA) starting on June 22nd that is going to take up most of availability in June. Moreover, the beginning of June is filled with a number of outstate depositions. I would be opposed to having any argument on these matters in June. My first availability would be sometime after the July 4th weekend.

E-mail from Ayon to Johnson (May 11, 2015) (attached as Ex. C). Counsel for FHFA, Fannie Mae, and Freddie Mac believe that presenting argument in all four cases on June 18 would best facilitate the prompt and efficient resolution of the important issues pending in these cases. As no actual conflict with June 18 has been stated, FHFA, Fannie Mae, and Freddie Mac respectfully ask the Court to maintain that as the date of argument in *Saticoy Bay*, and to set argument in *Elmer*, *Williston*, and *Skylights* for that date as well.

\*          \*          \*

Prompt resolution of the fully briefed dispositive motions in *Elmer*, *Williston*, and *Skylights* will benefit the parties, the Court, other courts in this District, and the public at large by providing guidance on important issues that may affect hundreds of Nevada properties. Combining argument in *Elmer*, *Williston*, and *Skylights* with the already-scheduled argument in *Saticoy Bay* will enable the Court to resolve all of the principal issues presented in dozens of pending cases, with no unreasonable burden to any party or the Court. Doing so would surely aid in "secur[ing] the just, speedy, and inexpensive determination" of this and many other actions, which is one of this Court's prime directives. *See* Fed. R. Civ. Pro. 1. Accordingly, Fannie Mae and FHFA respectfully urge the Court to set argument on the pending dispositive

///////

///////

---

[5] We have no reason to believe counsel's concerns cannot be resolved well before June 18. We doubt that any further briefing will be required, but regardless there is ample time for any additional briefs to be submitted substantially in advance of June 18.

10398235

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

motions in *Elmer*, *Williston*, and *Skylights* for June 18, 2015, to be heard contemporaneously with argument in *Saticoy Bay*.

DATED this 11th day of May, 2015.

**PITE DUNCAN, LLP**

By:   /s/   Laurel I. Handley
   Laurel I. Handley, Esq. (SBN 9576)
   Krista J. Nielson, Esq. (SBN 10698)
   520 South 4th Street, Suite 360
   Las Vegas, Nevada 89101
   Tel: (858) 750-7600   Fax: (702) 685-6342
   lhandley@piteduncan.com;
   knielson@piteduncan.com

*Attorneys for Federal National Mortgage Association; CitiMortgage, Inc., and Clear Recon Corp.*

**FENNEMORE CRAIG, P.C.**

By:   /s/   Leslie Bryan Hart
   Leslie Bryan Hart, Esq. (SBN 4932)
   John D. Tennert, Esq. (SBN 11728)
   300 E. Second St., Suite 1510
   Reno, Nevada 89501
   Tel: 775-788-2228   Fax: 775-788-2229
   lhart@fclaw.com; jtennert@fclaw.com

and

ARNOLD & PORTER LLP
(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Michael A.F. Johnson, Esq.

*Attorneys for Intervenor Federal Housing Financing Agency*

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED:  05/27/2015**

10398235

6

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 11th day of May, 2015, a true and correct copy of **FANNIE MAE AND FHFA'S MOTION TO COMBINE HEARING ON THEIR MOTION FOR SUMMARY JUDGMENT WITH THE CURRENTLY SCHEDULED HEARING IN SATICOY BAY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Joseph P Garin      NVECF@lipsonneilson.com

Kaleb D. Anderson     kanderson@lipsonneilson.com

Michael N. Beede     mike@legallv.com

Peter E Dunkley     pdunkley@nvbusinesslawyers.com

                                          /s/   Pamela Carmon
                                          Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10398235

7

# Exhibit A

Exhibit A

**From**: Michael F. Bohn [mailto:mbohn@bohnlawfirm.com]
**Sent**: Tuesday, May 05, 2015 03:50 PM Eastern Standard Time
**To**: Varma, Asim
**Subject**: Saticoy Bay Empire Mine v. FNMA 14-cv-01975

Counsel

My client has made the decision to pay off the outstanding trust deed in order to make the issues in the above case moot. However, his attempts to get a payoff statement have been thwarted.

Please consult with your client and get a payoff amount and payoff instructions so I may provide the same to my client

Thank you

MICHAEL F. BOHN, ESQ.
Law Offices of
Michael F. Bohn, Esq., Ltd.
376 East Warm Springs Road
Suite 140
Las Vegas, NV  89119
(702) 642-3113
(702) 642-9766 FAX
mbohn@bohnlawfirm.com


Confidentiality Notice
This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Exhibit B

Exhibit B

| | |
|---|---|
| **From:** | Peter Dunkley <PDunkley@lipsonneilson.com> |
| **Sent:** | Monday, May 11, 2015 2:43 PM |
| **To:** | Johnson, Michael A.F.; Kaleb Anderson |
| **Cc:** | Mogul, Elliott |
| **Subject:** | RE: Skyklights: Motion to Expedite Argument |

Michael,

I have two concerns with expedited oral argument.
First, I have not reviewed the reply in support of the pending motion for summary judgment. In the event that the reply raises new arguments, I would like to opportunity to request a sur-reply or other appropriate motion.
Second, the court has not addressed the objection to the stipulation to dismiss Citimortgage. In the event there is additional briefing required on that issue, I would like time to do so.

I am available on June 18, 2015, so as long as we address these two concerns, I do not have an objection. Let me know if you need to discuss my concerns.

Regards,



*Peter E. Dunkley, Esq.*
*Lipson, Neilson, Cole, Seltzer & Garin, P.C.*
*9900 Covington Cross Drive, Suite 120*
*Las Vegas, NV  89144-7052*
*(702) 382-1500*
*(702) 382-1512 (fax)*
*E-Mail: pdunkley@lipsonneilson.com*
*Website: www.lipsonneilson.com*

*OFFICES IN NEVADA, MICHIGAN, and ARIZONA*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*CONFIDENTIALITY NOTICE*
*This message is confidential, intended only for the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that any disclosure, copying, distribution or any action taken or omitted to be taken in reliance on the contents of this information is prohibited and may be unlawful. If you receive this message in error, or are not the named recipient(s), please notify the sender, delete this e-mail from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege.*

**From:** Johnson, Michael A.F. [mailto:Michael.Johnson@APORTER.COM]
**Sent:** Monday, May 11, 2015 12:47 PM
**To:** Peter Dunkley; Kaleb Anderson
**Cc:** Mogul, Elliott
**Subject:** Skyklights: Motion to Expedite Argument

1

Peter and Kaleb,

I represent the Federal Housing Finance Agency in *Skylights LLC v. Fannie Mae*, No. 2:15-cv-0043-GMN-VCF, in which you represent the HOA, and several other similar cases pending in Nevada.

FHFA, Fannie Mae, and Freddie Mac will be moving to expedite oral argument on the dispositive motions pending in *Skylights*; *Elmer v. Freddie Mac*, No. 2:14-cv-1999-GMN-NJK; and *Williston Investment Group v. Freddie Mac*, No. 2:14-CV-02038-GMN-PAL. We will propose that argument in those cases be conducted June 18, 2015, in conjunction with a hearing on a motion for summary judgment *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-cv-01975.

I write to request your position on expediting the *Skylights* hearing as described above. We intend to file the motion today, and would appreciate a prompt response stating your position and your availability to convene June 18. Please feel free to reply by e-mail or to call me if there are matters you would like to discuss. Thanks and regards.

-Michael Johnson
Counsel for FHFA

---

Michael A. Johnson
Partner

Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Telephone: +1 202.942.5783
Michael.Johnson@aporter.com
www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com

# Exhibit C

Exhibit C

**From:** Luis Ayon <laa@mgalaw.com>
**Date:** May 11, 2015 at 12:05:57 PM EDT
**To:** "Johnson, Michael A.F." <Michael.Johnson@APORTER.COM>

**Subject: RE: Skylights, Elmer, Williston: Motion to Expedite Oral Argument**

Michael:

I have a weeklong binding arbitration (AAA) starting on June 22nd that is going to take up most of availability in June. Moreover, the beginning of June is filled with a number of outstate depositions. I would be opposed to having any argument on these matters in June. My first availability would be sometime after the July 4th weekend.

Regards,

Luis Ayon

**Luis A. Ayon**
**MAIER GUTIERREZ AYON**
400 South Seventh Street | Suite 400
Las Vegas, Nevada 89101
Tel: 702.629.7900 | Fax: 702.629.7925
laa@mgalaw.com | www.mgalaw.com

**From:** Johnson, Michael A.F. [mailto:Michael.Johnson@APORTER.COM]
**Sent:** Monday, May 11, 2015 8:22 AM
**To:** mike@legallv.com; Luis Ayon; Margaret Schmidt
**Subject:** Skylights, Elmer, Williston: Motion to Expedite Oral Argument

Counsel,

I write to follow up on voice-mails I left Mike and Luis earlier this morning. FHFA, Fannie Mae, and Freddie Mac will be moving to expedite oral argument on the dispositive motions pending in *Elmer v. Freddie Mac*, No. 2:14-cv-1999-GMN-NJK; *Williston Investment Group v. Freddie Mac*, No. 2:14-CV-

1

02038-GMN-PAL; *Skylights LLC v. Fannie Mae*, No. 2:15-cv-0043-GMN-VCF, cases in which one of you represents the plaintiff. We will propose that argument be conducted June 18, 2015, in conjunction with a hearing on a motion for summary judgment *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-cv-01975.

We intend to file today, and would appreciate a prompt response stating your position and your availability to convene June 18. Please feel free to reply by e-mail or to call me if there are matters you would like to discuss. Thanks and regards.

-Michael Johnson
Counsel for FHFA

---

Michael A. Johnson
Partner

Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Telephone: +1 202.942.5783
Michael.Johnson@aporter.com
www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter LLP, click here:
http://www.arnoldporter.com

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.