**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SKYLIGHTS LLC, )<br>)<br>        Plaintiff, )<br>    vs. )<br>)<br>DAVID BYRON; JENNIFER BYRON; CCSF )<br>LLC; FEDERAL NATIONAL MORTGAGE )<br>ASSOCIATION; CITIMORTGAGE, INC.; )<br>CLEAR RECON CORP as Trustee, )<br>)<br>        Defendants. ) | Case No.: 2:15-cv-0043-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Amend Judgment, (ECF No. 52), filed by Defendant/Counter-Plaintiff Federal National Mortgage Association ("Fannie Mae") and Intervenor/Counter-Plaintiff Federal Housing Finance Agency ("FHFA").  In the instant Motion, Fannie Mae and FHFA request that the Court amend the Judgment entered on June 24, 2015, (ECF No. 49), and clarify that the Judgment resolved all outstanding claims in this action.

However, the Order upon which the Judgment was based granted summary judgment only as to Fannie Mae's counterclaim for declaratory judgment and Plaintiff Skylights LLC's claims for quiet title. (Order 22:6-15, ECF No. 48).  The underlying Motion for Summary Judgment, (ECF No. 26), did not address Fannie Mae's counterclaim for quiet title.  The question of whether summary judgment was warranted as to that claim was therefore not before the Court, and that claim still remains pending.

Nevertheless, Fannie Mae and FHFA correctly point out that the Judgment does not contain the declaration that was ordered by the Court when it granted the Motion for Summary Judgment.  Therefore, the Court will order that the Judgment be amended to include this text.

///

Accordingly,

**IT IS HEREBY ORDERED** that Fannie Mae and FHFA's Motion to Amend Judgment, (ECF No. 52), is **GRANTED IN PART AND DENIED IN PART**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that the Judgment issued on June 24, 2015, (ECF No. 49), be amended to reflect the Court's declaring that, "12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship.  Accordingly, the Falls at Rhodes Ranch Owners Association's foreclosure sale of its super-priority interest on the real property located at 9050 West Warm Springs Road 2096, Las Vegas, NV, 89148 did not extinguish Fannie Mae's interest in the property secured by the Deed of Trust or convey the property free and clear to Skylights LLC."

**IT IS FURTHER ORDERED** that Fannie Mae file a report no later than September 4, 2015, detailing the status of its quiet title counterclaim and indicating whether further discovery is warranted.

**DATED** this __24__ day of August, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge