1  Laurel I. Handley, Esq. (SBN 9576)
   Krista J. Nielson, Esq. (SBN 10698)
2  ALDRIDGE PITE, LLP
   520 South 4th Street, Suite 360
3  Las Vegas, Nevada 89101
   Tel: (858) 750-7600  Fax: (702) 685-6342
4  lhandley@aldridgepite.com;  knielson@aldridgepite.com

5  *Attorneys for Defendants Federal National Mortgage Association;*
   *CitiMortgage, Inc., and Clear Recon Corp.*

6

7  Leslie Bryan Hart, Esq. (SBN 4932)
   John D. Tennert, Esq. (SBN 11728)
8  FENNEMORE CRAIG, P.C.
   300 E. Second St., Suite 1510
9  Reno, Nevada 89501
   Tel: 775-788-2228  Fax: 775-788-2229
10 lhart@fclaw.com;  jtennert@fclaw.com

11 (Admitted *Pro Hac Vice*)
   Asim Varma, Esq.
12 Howard N. Cayne, Esq.
   Michael A.F. Johnson, Esq.
13 ARNOLD & PORTER LLP
   601 Massachusetts Ave., NW
14 Washington, DC 20001-3743
   Tel: (202) 942-5000  Fax: (202) 942-5999
15 Asim.Varma@aporter.com;  Howard.Cayne@aporter.com;  Michael.Johnson@aporter.com

16 *Attorneys for Intervenor Federal Housing Finance Agency*

17 **UNITED STATES DISTRICT COURT**
   **DISTRICT OF NEVADA**

18 SKYLIGHTS LLC,                    CASE NO. 2:15-cv-00043-GMN-VCF
                         Plaintiff,
19 vs.
                                     **STIPULATION AND [PROPOSED]**
20 DAVID BYRON; et al.,              **ORDER SEEKING A FINAL JUDGMENT**
                                     **PURSUANT TO RULE 54(B)**
21                       Defendants.
22 and
23 FEDERAL HOUSING FINANCE AGENCY,
   as Conservator for the Federal National
24 Mortgage Association,

25                       Intervenor.

26

27

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11027218.1

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
                              Counterclaimant,
and

FEDERAL HOUSING FINANCE AGENCY,
as Conservator for the Federal National
Mortgage Association,
                              Intervenor,
vs.

SKYLIGHTS LLC; THE FALLS AT
RHODES RANCH CONDOMINIUM
OWNERS ASSOCIATION, INC.,

                              Counter-defendants.

Plaintiff Skylights LLC, Defendant Federal National Mortgage Association ("Fannie Mae"), Intervenor Federal Housing Finance Agency ("FHFA"), as Conservator for Fannie Mae, and Counter-Defendant The Falls at Rhodes Ranch Condominium Owners Association, Inc. ("HOA"), hereby jointly request that the Court amend the judgment to indicate it is final and stipulate the following:

1.    On December 5, 2014, Plaintiff filed an action in state court asserting claims for quiet title against Fannie Mae. Dkt. No. 1-1.

2.    In their responsive pleadings, Fannie Mae and FHFA each filed two substantively identical counterclaims:

   a.   A quiet title counterclaim against Plaintiff; and

   b.   A declaratory judgment counterclaim against both Plaintiff and the HOA. *See* Dkt. Nos. 6, 14.

3.    The forms of relief associated with these two counterclaims were declarations that

   a.   12 U.S.C. § 4617(j)(3) preempts a Nevada statute that could otherwise permit an HOA foreclosure sale to extinguish Fannie Mae and FHFA's property interest;

   b.   the HOA foreclosure sale at issue here did not extinguish Fannie Mae and FHFA's interest in the Property; and

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11027218.1

2

c. the HOA foreclosure sale did not convey the subject property free and clear to Plaintiff. *Id.*

4. There are no longer any parties remaining in the case other than Plaintiff, the HOA, FHFA, and Fannie Mae. The Court dismissed Plaintiff's claims against CitiMortgage, Inc. on April 16, 2015. (Dkt. No. 34.) The Byrons were dismissed from the action on June 20, 2015. (Dkt. No. 47.) CCSF never appeared in the case.

5. On April 16, 2015, FHFA and Fannie Mae filed a Joint Motion for Summary Judgment. *See* Dkt. No. 26. The summary judgment motion sought the relief discussed in both the quiet title and declaratory judgment counterclaims asserted by FHFA and Fannie Mae—a declaration that (1) 12 U.S.C. § 4617(j)(3) preempts any Nevada law that could permit an HOA foreclosure sale to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship; and (2) the HOA Sale did not extinguish Fannie Mae's interest in the Property, and thus Plaintiff took an interest in the Property subject to the Deed of Trust. *See* MSJ at 12-13. This requested relief was materially the same as requested in Fannie Mae and FHFA's quiet title and declaratory relief counterclaims, providing for the opposite declaration as that requested by Plaintiff in its quiet title claims.

6. On June 24, 2015, this Court entered an Order granting the summary judgment motion of FHFA and Fannie Mae. *Skylights LLC v. Byron*, No. 2:15-CV-00043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015) (Dkt. No. 48). The Order held, among other things, that (1) "the HOA's foreclosure sale … did not extinguish Fannie Mae's interest in the Property secured by the Deed of Trust;" (2) "the HOA's foreclosure sale … did not … convey the Property free and [clear] to Skylights; and (3) Plaintiff "purchased real property subject to FHFA's lienhold interest." *Id.* at *7 n.4, 12.

7. The Order denied the relief requested in Plaintiff's quiet title claims, because it held that the Deed of Trust was not extinguished. Indeed, the Order explicitly stated that

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11027218.1

3

1    summary judgment was granted to Fannie Mae and FHFA "on Skylights's claims for
2    quiet title."  *Id.* at *12.  This Order was followed by a Judgment.  (Dkt. No. 49.)

3    8.    On July 15, 2015, FHFA and Fannie Mae filed a Motion to Correct the Judgment,
4    asking that the Judgment reflect the declaration in the Order, clarify that the Court
5    resolved all outstanding claims and counterclaims, and confirm that it should be
6    treated as a final and appealable judgment.  (Dkt No. 52.)   Among other things,
7    FHFA and Fannie Mae argued that the Order resolved their quiet title counterclaims
8    because the conclusion of the Order granted the relief requested in that counterclaim,
9    *i.e.* a declaration that Plaintiff's interest was purchased "subject to FHFA's lienhold
10   interest."  No party opposed the motion.

11   9.    On August 24, 2015, the Court partially granted FHFA and Fannie Mae's Motion to
12   Correct the Judgment, and ordered that the judgment contain the declaration
13   requested in FHFA and Fannie Mae's counterclaims for declaratory judgment.  (Dkt.
14   No. 58.)  The Court did not grant the motion insofar as it requested that the judgment
15   reflect that FHFA and Fannie Mae were granted summary judgment on their quiet
16   title counterclaims.  The Court ordered that FHFA and Fannie Mae file a status report
17   regarding their quiet title counterclaim and whether discovery was warranted.

18   10.   On September 4, 2015, FHFA and Fannie Mae filed the requested status report,
19   expressing their view that no further discovery was necessary with regard to their
20   quiet title counterclaims because the declaration articulated in the Court's June 24,
21   2015 Order already provided the relief requested in their quiet title counterclaims.  No
22   party filed an opposition to that report.

23   11.   On September 23, 2015, Plaintiff filed a Notice of Appeal of the Court's June 24,
24   2015 Order.  (Dkt. No. 60.)

25   12.   On September 25, 2015, the Clerk of Court for the Ninth Circuit ordered that Plaintiff
26   show cause why the appeal should not be dismissed for lack of jurisdiction because
27   the quiet title counterclaims had not yet been resolved.  *See* Clerk Order, *Skylights v.*
28   *Byron*, No. 15-16904 (9th Cir.) (Dkt. No. 2).

FENNEMORE  CRAIG,  P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11027218.1

4

1     13.     On October 23, 2015, Plaintiff filed a response to the order to show cause.  *See*

2     Response, *Skylights v. Byron*, No. 15-16904 (9th Cir.) (Dkt. No. 4).  In its response,

3     Plaintiff argues, among other things, that the Court's June 24, 2015 Order is

4     effectively final because the relief requested in both of FHFA and Fannie Mae's

5     counterclaims was the same as that granted by this Court.

6     14.     FHFA and Fannie Mae do not intend to oppose Plaintiff's response to the Clerk's

7     Order but rather file a short explanation of the status of this case to the Clerk.

8     15.     The Parties respectfully request that the Court amend its Judgment to reflect that it is

9     final and it resolves all claims and counterclaims in this case, including FHFA and

10     Fannie Mae's quiet title counterclaims.   Whether or not Plaintiff is correct in its

11     argument that the Court's June 24, 2015 Order is already effectively final and

12     appealable, any doubt that the Ninth Circuit lacks jurisdiction over Plaintiff's appeal

13     would be dispelled if this Court were to revise the Judgment.

14     Nothing in this stipulation is intended to indicate that Plaintiff or the HOA waive their

15  right to appeal the Court's judgment in favor of FHFA and Fannie Mae on any and all of the

16  claims and counterclaims asserted in this case.

17     DATED this 9th day of November, 2015.

18  ALDRIDGE **PITE**, LLP             **FENNEMORE CRAIG, P.C.**

19  By:  ___/s/   Laurel I. Handley_____     By:  ___/s/   Leslie Bryan Hart_____

20     Laurel I. Handley, Esq. (SBN 9576)     Leslie Bryan Hart, Esq. (SBN 4932)
       Krista J. Nielson, Esq. (SBN 10698)    John D. Tennert, Esq. (SBN 11728)

21     520 South 4th Street, Suite 360       300 E. Second St., Suite 1510
       Las Vegas, Nevada 89101          Reno, Nevada 89501

22     Tel: (858) 750-7600  Fax: (702) 685-6342  Tel: 775-788-2228   Fax: 775-788-2229
       lhandley@aldridgepite.com;        lhart@fclaw.com;  jtennert@fclaw.com

23     knielson@aldridgepite.com

24                              and
     *Attorneys for Federal National Mortgage*

25  *Association; CitiMortgage, Inc., and Clear*  ARNOLD & PORTER LLP
     *Recon Corp.*                 (Admitted *Pro Hac Vice*)

26                         Asim Varma, Esq.
                            Howard N. Cayne, Esq.

27                        Michael A.F. Johnson, Esq.

28                        *Attorneys for Intervenor Federal Housing*
                        *Financing Agency*

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11027218.1

5

1   **LAW OFFICE OF MIKE BEEDE**                **LIPSON, NEILSON, COLE, SELTZER,**
                                                **GARIN, P.C.**
2

3   By:   /s/ Michael N. Beede_____          By:    /s/   Peter E. Dunkley_____
          Michael N. Beede, Esq. (SBN 13068)          Peter E Dunkley, Esq. (SBN 11110)
4         2300 W. Sahara Ave., Ste. 420               9900 Covington Cross, Dr.
          Las Vegas, NV 89102                         Las Vegas, NV 89144
5         Tel: 702-473-8406                           Tel: 702-382-1500 - Fax: 702-382-1512
          mike@legallv.com                            pdunkley@lipsonneilson.com
6
    *Attorney for Plaintiff Skylights LLC*
7                                               *Attorneys for The Falls at Rhodes Ranch*
                                                *Condominium Owners Association, Inc.*
8
                                **[PROPOSED] ORDER**
9
          Pursuant to the Stipulation above, and for good cause appearing therefor,
10
          **IT IS HEREBY ORDERED** that the Judgment issued on June 24, 2015, (ECF No. 49),
11
    be amended to reflect that it is a final judgment that resolves all claims and counterclaims in this
12
    case in favor of Fannie Mae and FHFA.
13
          Dated this _____23___ day of November, 2015.
14

15

16                                              _____
                                                UNITED STATES DISTRICT COURT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

11027218.1

6